No. 185
D. T. & I. RD. CO. v. PUTNAM CO.
(Comm.) et
No. 19568. Supreme Court
On motion to certify. Dock. Jan. 15, 1926; 4 Abs. 57.

CONSTITUTION—Does 8901 GC., in so far as it provides for appeals from the judgments of the Courts of Common Pleas in proceedings to obtain an order for construction of a railroad crossing over a highway at a grade, contravene the provisions of Article IV, Section 6, of the Constitution of Ohio?

The Detroit, Toledo & Ironton Railroad Company acquired certain property, for the construction of its lines, by appropriation proceedings in the Putnam Common Pleas in which the Board of County Commissioners of Putnam County, and the Trustees of Pleasant Township, Putnam County, were defendants.

A railroad constructed upon the proposed location of the new right of way of said company would cross five public highways at or near the Village of Columbus, Grove, Ohio, four of which are inter-county or main market highways.

The Company filed its petition in the Putnam Common Pleas, seeking permission to construct railroad crossings at grade over five public highways located in Putnam County. The Common Pleas granted permission to cross two of said public highways at grade, one of which is not crossed by the company's existing line of railroad, but denied permission as to the other three public highways involved, all of which are crossed by the company's existing line of railroad.

In the Court of Appeals a motion to dismiss was sustained on the ground that the Court of Appeals was without jurisdiction to hear and try said appeal, and that said cause is not appealable because 8901 GC., in so far as it applies to this type of case is unconstitutional because it contravenes Article IV, Section 6, of the constitution of Ohio.

Section 6 of Article IV in part provides as follows:

"Courts of Appeal shall have original jurisdiction in in quo warranto, mandamus, habeas corpus, prohibition and procedeno, and appellate jurisdiction in the trial of chancery cases, and to review, affirm, modify or reverse the judgment of the Court of Common Pleas, Superior Courts, and other Courts of record within the district as may be provided by law".

Section 8901 General Code, a part of the legislative enactment covering proceedings to obtain permission to cross railroads or public highways at grade, provides as follows:

"Appeals may be taken and error prosecuted from the decision of the Common Pleas Court to the Court of Appeals in such proceedings, as in civil actions. The decision of that court shall be final and conclusive. In both the Common Pleas Court and Court of Appeals proceedings brought hereunder shall be advanced over other actions."

The Railroad, in the Supreme Court, contends:

1. To render a statute invalid, its conflict with the constitution must be irreconcilable.

2. Chancery jurisdiction is not divested by statutory enactment providing legal remedy.

3. Chancery jurisdiction is broad enough to include grade crossings or separations.

Attorneys—James P. Leasure, for Railroad; J. S. Ogan, for Commissinoers et; both of Ottawa.